**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **LACRISHA WATSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **ENHANCED RECOVERY** ) | |
| **COMPANY, LLC,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, LACRISHA WATSON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. LACRISHA WATSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St. Louis, County of St. Louis, State of Missouri.

5. The debt that Plaintiff was allegedly obligated to pay was a debt incurred primarily for the personal use of Plaintiff and/or for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. ENHANCED RECOVERY COMPANY, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is registered as a limited liability company in the State of Florida.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**IV.   ALLEGATIONS**

13. In or around October 2010, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff's cellular telephone.

14. In or around October 2010, and on multiple occasions therein, Defendant left multiple automated voicemail messages for Plaintiff.

15. At no time during the course of the aforementioned automated voicemail messages to Plaintiff did Defendant provide information relative to the individual caller's identity.

16. At no time during the course of the aforementioned automated voicemail messages to Plaintiff did Defendant provide information relative to Defendant's identity.

17. The only information provided by Defendant to Plaintiff, in the aforementioned voicemail messages, relative to Defendant's identify was Defendant's telephone number.

18. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6); and,

   b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

19. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

20. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LACRISHA WATSON, by and through her attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

  c.  Plaintiff's attorneys' fees and costs;

  d.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**LACRISHA WATSON**

By: s/ David M. Marco
  Attorney for Plaintiff

<u>Dated: December 16, 2010</u>

David M. Marco (6273315IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail:  dmarco@smithlaw.us